UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO MENDOZA-CARRASCO (A# 222-582-002),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY ICE DETETNION FACILITY,<br>Respondents. | No. 1:26-cv-08485 DAD SCR<br><br>ORDER |

Petitioner, an immigration detainee who is proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By this order, the undersigned will set a schedule for the briefing of the petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is provisionally authorized to proceed in forma pauperis, subject to petitioner filing an application to proceed in forma pauperis **by November 4, 2026**. The Clerk of the Court is directed to serve Petitioner with an application to proceed in forma pauperis which Petitioner shall complete and return to the court.

2. Respondent is directed to show cause why the writ should not be granted by filing an answer/return within seven (7) days from the date of this order. See 28 U.S.C. § 2243. Respondent shall include with the answer/return any and all transcripts or other documents

relevant to the determination of the issues presented in the application. Petitioner shall have three (3) days from the date of Respondents' answer/return to file a reply/traverse.

3. Absent a further order of the court, the petition will be taken under submission after the filing of the reply/traverse.

4. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, Respondent shall not transfer Petitioner to another detention center outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

5. In the event Petitioner obtains an immigration bond and it is paid resulting in release, Petitioner shall inform the court as expeditiously as possible in order to conserve its limited judicial resources. For the same reason, Respondent shall inform the court as expeditiously as possible in the event a travel document is obtained for Petitioner that will result in Petitioner's imminent removal from this country. Either party shall update the court by filing a Notice of Changed Circumstances that informs the court of the particular circumstances that have changed.

DATED: October 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE