UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO MENDOZA-CARRASCO, (A#222-582-002),

Petitioner,

v.

WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY,

Respondent.

No. 1:26-cv-08485-DAD-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of Mexico who entered the United States on an unknown date without being inspected by immigration officials. ECF No. 5 at 14 (I-213 Form). On July 29, 2026, Petitioner was arrested and charged with Intentionally and Knowingly Possessing Methamphetamine. ECF No. 5 at 6. Immigration and Customs Enforcement ("ICE") encountered Petitioner at the Harris County Jail following this arrest. ECF No. 5 at 12 (I-213 Form). ICE arrested Petitioner pursuant to an administrative warrant on July 31, 2026. ECF No. 5 at 9. He was served with a Notice to Appear ("NTA") charging him with being removable from

the U.S. for violating Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. ECF No. 5 at 22-25. Petitioner was not served with a Notice of Custody Determination until October 23, 2026. ECF No. 5 at 17. Once properly notified of DHS's custody determination, Petitioner requested a bond hearing before an immigration judge ("IJ"). Id.

On August 3, 2026, the pending criminal charge against Petitioner in Harris County, Texas was dismissed subject to refiling as Petitioner had an ICE hold and was in federal custody. ECF No. 5 at 7. His Rap Sheet submitted by Respondent indicates that he has no other arrests or criminal convictions. ECF No. 5 at 28-31.

Petitioner is detained at the California City ICE Detention Facility located in this judicial district.

On October 8, 2026, Petitioner filed the pending § 2241 petition, challenging his ongoing detention as a violation of the Fifth Amendment due process clause since he has not been provided a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. 1 at 13. He seeks release or, in the alternative, a bond hearing before an IJ through which the government must establish by clear and concerning evidence that he is a risk of danger or flight. Id. at 6.

Respondent does not dispute that Petitioner is detained pursuant to § 1226(a) and entitled to a bond hearing. ECF No. 5 at 2. According to Respondent, "the petition for writ of habeas corpus can be construed as Petitioner's request for a hearing, and Petitioner alternatively requests a bond hearing." ECF No. 5 at 2. Respondent does not explain the almost three month delay in serving Petitioner with the Notice of Custody Determination Form, nor the delay in providing him with a bond hearing after his October 23, 2026 request for one. See ECF No. 5 at 17. There is no indication in the immigration records attached to the answer that Petitioner has been provided with a bond hearing to date.

**II. Statutory Detention Authority**

Noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. July

30, 2026). "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After such a custody redetermination hearing before an IJ, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

**III. Analysis**

It is undisputed that Petitioner, as a noncitizen apprehended in the interior of the United States, is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) during his removal proceedings. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). This statutory provision provides "substantial procedural protections," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193 (9th Cir. 2022), including the right to request an initial custody re-determination before an IJ under 8 C.F.R. § 1236.1(d). However, Petitioner was denied those statutory protections for a period of months in this case, which constitutes a separate procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding that the "provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right."). In tailoring the remedy for this due process violation, the Court is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Therefore, the undersigned finds that Petitioner is entitled to habeas relief in the form of immediate release from immigration detention.

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner ALEJANDRO MENDOZA-CARRASCO (A#222-582-002) from their custody and to return all of Petitioner’s documents and possessions at the time of release.

3. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

a. Serve a copy of any release order on the California City Detention Facility; and,

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

////

////

////

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 6, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE